## IN RE CROSS'S COMMISSION.

Under Pub. Stat. R. I. cap. 74, as amended by Pub. Laws R. I. cap. 819, of July 23, 1889, a guardian cannot retain his ward in an insane hospital after a commission has found the ward not to be of unsound mind.

A COMMISSION of lunacy was appointed by one of the justices of the Supreme Court, under Pub. Laws R. I. cap. 819, § 3, of

July 23, 1889, at the request of one Cross, who was, on the certificate of two physicians, confined by his guardian in the Butler Hospital for the Insane, as a person of unsound mind. Pending the commission the guardian asked the court to terminate its proceedings in the interests of his ward's estate, as, satisfied of his ward's unsoundness of mind, he proposed to continue his ward in the hospital whatever the commission might report, claiming this to be his right and duty as guardian.

The justice who appointed the commission submitted the guardian's request to the court, and, after conference with the other justices, addressed, the following letter to the attorneys of the guardian :

PROVIDENCE, September 3, 1889.

*Messrs. Van Slyck & Van Slyck :*

GENTLEMEN, — The court is of opinion that chapter 74 of Public Statutes, as amended by the act of July, 1889, does not authorize a guardian to restrain his ward in an insane hospital, in case he shall be found by the commission not to be insane. Sections 11 and 12 of chapter 74 are not expressly repealed, and these authorize the detention upon the certificate of physicians only. These may stand until the finding of a commission. But after adjudication that the ward is not insane, we think the certificate of the physicians is annulled. By section 11, the authority of the guardian is not enough without the certificate. If, then, this is taken away, the authority of the guardian to restrain his ward in an insane hospital is also taken away.

In view of this conclusion we think the examination must go on. I have given an order to this effect to the commissioners.

Yours truly,

JOHN H. STINESS.